# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRINA SCHACON OWENS | * | |
| | * | |
| v. | * | Civil Case No. MJG-17-829 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\***

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 6]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 15, 16]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that Ms. Owens's motion be denied, that the Commissioner's motion be granted, and that the Commissioner's judgment be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Ms. Owens filed her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on December 18, 2012, originally alleging disability beginning November 30, 2009.[1] (Tr. 250-53, 254-59); *see* Pl. Mot. 1. Her applications were

---

[1] At her hearing in 2015, Ms. Owens amended her alleged onset date to August 1, 2012. (Tr. 41-42).

denied initially and on reconsideration. (Tr. 153-84, 196-99). An Administrative Law Judge ("ALJ") held a hearing on August 12, 2015, at which Ms. Owens testified and had a representative. (Tr. 37-112). Following the hearing and review of the representative's post-hearing brief, the ALJ determined that Ms. Owens was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-36). The Appeals Council denied Ms. Owens's request for review, (Tr. 1-6), so the ALJ's 2015 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Owens suffered from the severe impairments of "bipolar disorder; alcohol dependence; anxiety disorder; osteoarthritis of the bilateral knees, lumbar spine, and hands; and obesity." (Tr. 14). Despite these impairments, the ALJ determined that Ms. Owens retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can only occasionally climb, balance, stoop, kneel, crouch, and crawl. She is further limited to unskilled, routine, and repetitive tasks. She can have no interaction with the public and only occasional interaction with co-workers.

(Tr. 20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Owens could perform her past relevant work as a housekeeper and other jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 29-31).

Ms. Owens raises two arguments on appeal: (1) that the ALJ assigned insufficient weight to the opinions of her treating therapist, Tracey Middleton, LCSW-C; and (2) that the ALJ attributed too much weight to the opinions of "one- time [sic] consultative examining physicians and non-examining State Agency physicians." Pl. Mot. 9-13. Both arguments lack merit.

First, Ms. Owens argues that the ALJ assigned insufficient weight to the opinions rendered by her treating therapist, Ms. Middleton. *Id.* at 8-12. Social Security regulations

distinguish between "acceptable medical sources" and "other healthcare providers who are not acceptable medical sources," including LCSWs, because, among other reasons, only acceptable medical sources can offer "medical opinions." 20 C.F.R. §§ 404.1513, 404.1527(a)(2), 416.913, 416.927(a)(2); SSR 06–03p, 2006 WL 2329939, at *1–2 (S.S.A. Aug. 9, 2006). SSR 06–03p, which was in effect at the time Ms. Owens's claims were filed, explains that, "[a]lthough the factors set forth in 20 C.F.R. 404.1527(d) and 416.927(d) explicitly apply only to the evaluation of opinions from 'acceptable medical sources,' these same factors can be applied to opinion evidence from 'other sources.'" SSR 06-03p, 2006 WL 2329939, at *4. Those factors generally include the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6). Here, the ALJ considered those factors in evaluating Ms. Middleton's opinions. First, the ALJ noted that Ms. Middleton had treated Ms. Owens since early 2014.[2] (Tr. 16-17). The ALJ also noted that Ms. Middleton is not an acceptable medical source. (Tr. 29). More importantly, however, the ALJ correctly noted that Ms. Middleton's opinions were not only inconsistent with other evidence of record, but with her own treatment notes. *Id.* During the total of six appointments evidenced in the record with Ms. Middleton prior to her March 20, 2015 opinion, Ms. Owens either appeared under the influence of alcohol (on December 23, 2014, and January 20, 2015), (Tr. 919-24), or exhibited relatively minor symptoms (on February 18, 2015, March 4, 2015, and March 18, 2015), (Tr. 910-18), with the exception of the single appointment on March 30, 2015, at which Ms. Middleton filled out the

---

[2] Although Ms. Middleton's opinions make reference to an appointment in January, 2014, I was unable to locate any treatment notes from such an appointment in the record. In fact, Ms. Middleton's notes from the December, 23, 2014 appointment state: "This is the first time Thx has met with this Ct. Ct. presented intoxicated with blood shot eyes." (Tr. 923). At the very next appointment on January 20, 2015, Ms. Owens asked Ms. Middleton to fill out paperwork for her disability application. (Tr. 920). Ms. Middleton declined to do so until two months later, on March 30, 2015. (Tr. 644).

3

disability form and Ms. Owens demonstrated more significant impairment, (Tr. 908-09). The few subsequent appointments continued the pattern of Ms. Owens demonstrating mild or no symptoms. *See, e.g.*, (Tr. 898-900) (June 17, 2015 appointment, at which Ms. Owens "denied depressive symptoms," had intact insight, judgment, and thought processes, and a pleasant, happy affect"); (Tr. 901-03) (May 20, 2015 appointment, at which Ms. Owens reported mood swings but "denied any anxiety or depressive symptoms" and presented with intact insight, judgment, and thought processes and euthymic mood).

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Owens's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ§. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Applying those standards, because the ALJ expressly cited the "contemporaneous treatment notes" outlined above, I conclude that the ALJ's assignment of little weight was supported by substantial evidence.

Second, Ms. Owens contends that the Commissioner assigned too much weight to the opinions of consultative examiners and State Agency non-examining physicians. Pl. Mot. 11-13. In reaching a decision, the Commissioner must consider, and is entitled to rely on, opinions from non-treating doctors. *See* SSR 96-6p, 1996 WL 374180, at *3 (S.S.A. July 2, 1996) ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources."). Ms. Owens correctly notes an inconsistency in the ALJ's evaluation, where at one point the ALJ indicates that he is giving the opinions "great

4

weight" and then subsequently assigns two of the opinions only "partial weight." (Tr. 28). The ALJ, however, provided an explanation for the assessment of "partial weight," citing to Ms. Owens's testimony and other evidence, and generally accepted the opinions of each of those physicians. *Id.* Ms. Owens also contends that the consultative evaluation by Dr. Rossello "supports a finding that Ms. Owens is unable to meet the mental demands of unskilled work." Pl. Mot. 12. While it is correct that Ms. Owens exhibited some manic symptoms in her consultative appointment, Dr. Rossello's overall opinion indicated that the symptoms could be "secondary to alcohol" and that her mental health "could improve with abstinence." (Tr. 503-04). Dr. Rossello's opinion therefore supported the ALJ's conclusion that Ms. Owens's frequent alcohol intoxication had a significant effect on her mental health symptoms. *See* (Tr. 29). Thus, the ALJ properly evaluated the opinions of the consultative examiners and the non-examining physicians, and supported his findings with substantial evidence.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion for Summary Judgment [ECF No. 16];

2. the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 15];

3. the Court AFFIRM the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g); and

4. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: December 28, 2017                                                        /s/
                                                                                   Stephanie A. Gallagher
                                                                                   United States Magistrate Judge